[833 NYS2d 414]

## In the Matter of MARK H. WEINSTEIN, an Attorney, Resignor.

Second Department, May 1, 2007

### APPEARANCES OF COUNSEL

*Walter L. Rich*, White Plains, for resignor.

*Gary L. Casella*, White Plains (*Matthew Renert* of counsel), for Grievance Committee for the Ninth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Mark H. Weinstein has submitted an affidavit dated November 28, 2006, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Weinstein was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 22, 1975.

Mr. Weinstein avers that his resignation is submitted voluntarily, free from coercion and duress, after review with counsel, and with a full awareness of the implications of its submission. He is aware of a pending investigation by the Grievance Committee for the Ninth Judicial District into allegations of professional misconduct concerning his failure, to date, to disburse funds that he received in a fiduciary capacity in 2004 to a third party, MetLife, to satisfy a lien that MetLife held against his client's recovery in a personal injury matter. As a result of Mr. Weinstein's failure to disburse those funds and satisfy its lien, MetLife commenced an action against his former client in 2005, which resulted in a judgment against the client in 2006. After MetLife commenced the action against his former client, Mr. Weinstein failed to respond to inquiries from the client regarding verification of whether he had paid the funds in question to MetLife.

Mr. Weinstein acknowledges his inability to defend himself on the merits against charges predicated upon the aforesaid allegations. He is aware that in any order permitting him to resign, the Appellate Division could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection for same. He is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee joins in Mr. Weinstein's request that the resignation be accepted in the interests of preserving time and court resources.

Inasmuch as the proffered resignation complies with all pertinent Court rules, it is accepted, and effective immediately, Mark H. Weinstein is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., SCHMIDT, CRANE, MASTRO and RIVERA, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Mark H. Weinstein is disbarred, and his name is

stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Mark H. Weinstein shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Mark H. Weinstein is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Mark H. Weinstein, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).